## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
JAMES LAWTON,                    :
                                 :    Civil Action No. 06-3406 (NLH)
          Plaintiff,             :
                                 :
     v.                          :    OPINION
                                 :
CVS PHARMACY,                    :
                                 :
          Defendant.             :
```

**APPEARANCES:**

Jeffrey P. Resnick, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky, PC
Fairway Corporate Center
4300 Haddonfield Road
Suite 311
Pennsauken, NJ 08109

> *Attorney for Plaintiff*

Ivan R. Novich, Esquire
Edwards, Angell, Palmer & Dodge, LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078

> *Attorney for Defendant*

**HILLMAN**, District Judge

This matter has come before the Court on Defendant's motion to enforce a settlement agreement between the parties. For the reasons expressed below, Defendant's motion will be granted.

### BACKGROUND

On October 25, 2005, Plaintiff, James Lawton, was terminated from Defendant CVS Pharmacy after thirteen years of employment. CVS's reason for Lawton's termination was a history of performance issues and insubordination. On June 26, 2006, Lawton

filed a lawsuit against CVS in state court, claiming that CVS
unlawfully terminated him because he is African American, in
violation of Title VII and the New Jersey Law Against
Discrimination.  He also claims that CVS breached the implied
duty of good faith and fair dealing.  CVS removed Lawton's action
to this Court on July 25, 2006.

Beginning in late October, 2006, counsel for the parties
began a series of settlement negotiations.  After almost five
weeks of negotiations, on November 29, 2006, CVS's counsel
contacted Lawton's counsel, and by the end of the day, counsel
believed that they had reached a settlement agreeable to both
parties.  On December 8, 2006, Lawton's counsel left a voice mail
message for CVS's counsel, advising how the settlement payment
should be allocated.  That afternoon, CVS's counsel faxed a
letter to Lawton's counsel confirming the settlement amount and
the allocation of the payment.  On December 21, 2006, CVS's
counsel faxed a letter to Lawton's counsel, and attached a copy
of the settlement agreement, as well as a copy of the settlement
checks.  CVS's counsel did not hear from Lawton's counsel until
January 4, 2007, at which time Lawton's counsel informed CVS's
counsel that there was no settlement.

The details of the November 29, 2006 agreement, and
subsequent events in effecting the agreement, are disputed by the
parties and now give rise to CVS's motion.  Lawton claims that

2

part of the November 29, 2006 agreement was the condition that CVS would provide Lawton with his settlement checks by the Christmas holiday on December 25.  CVS disagrees, and claims that the agreement was not contingent on payment by December 25, but rather that efforts would be made to pay Lawton by the end of the holidays--that is, before January 1, 2007.

Lawton also contends that the agreement drafted by CVS provided Lawton with twenty-one days to consider the agreement, and if he signed the agreement, he was entitled to revoke the agreement within seven days after execution.  Thus, Lawton claims that not only did CVS not pay him prior to December 25 as they agreed, he had twenty-one days to consider whether to accept the agreement.  Because he did not accept the agreement within twenty-one days, Lawton claims there is no settlement.

CVS, however, contends that the agreement on November 29, 2006 constitutes an enforceable oral contract, regardless of the unsigned agreement.  CVS also claims that the twenty-one day review provision in the written agreement is inapplicable because it applies only to the Older Workers Benefit Protection Act, which sets forth the minimum standards to consider in determining whether a waiver of rights under the ADEA is knowing and voluntary.  Because Lawton does not have an ADEA claim, that provision is inapplicable to him.

3

## DISCUSSION

The issue before the Court is whether the November 29, 2006 agreement is an enforceable oral contract, and what effect does the written settlement agreement have, if any, on the November 29, 2006 agreement.

Simply stated, "a contract is a voluntary obligation proceeding from a common intention arising from an offer and acceptance." Johnson & Johnson v. Charmley Drug Co., 95 A.2d 391, 397 (N.J. 1953).   A settlement agreement between parties to a lawsuit is a contract like any other contract. Peskin v. Peskin, 638 A.2d 849, 857 (N.J. Super. Ct. App. Div. 1994)(citing Nolan by Nolan v. Lee Ho, 577 A.2d 143, 146 (N.J. 1990)).  Only if a settlement agreement is achieved through coercion, deception, fraud, undue pressure, or unseemly conduct, or if one party was not competent to voluntarily consent thereto, must it be set aside.  Id.

New Jersey has a strong public policy in favor of settlements.  Bistricer v. Bistricer, 555 A.2d 45, 47 (N.J. Super. Ct. Ch. Div. 1987) (citing Pascarella v. Bruck, 462 A.2d 186 (N.J. Super. Ct. App. Div. 1983), cert. denied, 468 A.2d 233 (N.J. 1983)) (other citations omitted).  Courts will thus "strain to give effect to the terms of a settlement wherever possible." Id. (citing Department of Public Advocate v. N.J. Board of Public Utilities, 503 A.2d 221 (N.J. Super. Ct. App. Div. 1985)).

4

Further, it is well established in New Jersey that an agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties even in the absence of a writing.  U.S. v. Lightman, 988 F. Supp. 448, 463 (D.N.J. 1997) (citing Pascarella, 462 A.2d at 189) (other citations omitted).  New Jersey law specifies that parties may orally "agree upon all essential terms of a contract and effectively bind themselves thereon, if that is their intention, even though they contemplate the later execution of a formal document to memorialize their undertaking."  Id. (citing Comerata v. Chaumont, Inc., 145 A.2d 471 (N.J. Super. Ct. App. Div. 1958) (citing Williston on Contracts, rev. ed. 1936, § 28, 28A, pp. 59 et seq.)).

For example, in Pascarella v. Bruck, the parties entered into an oral settlement agreement, and two days later defense counsel prepared and forwarded to plaintiffs' counsel the settlement agreement.  Pascarella, 462 A.2d at 187.  In the interim, the plaintiffs changed their mind and refused to go through with the settlement.  Id.  Plaintiffs also did not agree to certain terms in the written settlement agreement.  Id. Plaintiffs' counsel filed a motion to vacate the settlement, the trial judge granted that motion, but on appeal the appellate court reversed.  Id.  The court held that the settlement was between competent adults, that even though the agreement to settle was orally made, it was of no consequence, and that "'an

5

agreement to settle a lawsuit, voluntarily entered into, is biding upon the parties, whether or not made in the presence of the court and even in the absence of a writing." Id. at 188-89. The court further stated that "[a]n agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts." Id. at 190 (citations omitted).

Similarly, in Bistricer v. Bistricer, after two days of settlement negotiations, the parties agreed to a settlement. Bistricer, 555 A.2d at 47. Thereafter, counsel for defendants prepared a stipulation of settlement and forwarded it to plaintiffs' counsel, but the plaintiffs did not agree to the stipulation. Id. Plaintiffs argued that they had not intended to enter into a binding settlement agreement at the end of the two-day negotiations, but had only agreed to the "framework of a settlement" which would be subject to later agreement in a written settlement agreement. Id. at 48. The court then conducted a hearing as to whether the case had been settled and, if so, what were the terms. Id.

The court determined that the plaintiffs' objections were either new terms sought by the plaintiffs or pertained to the fair implementation of the settlement, but they were not the essentials of the settlement. Id. The court held that the

6

absence of the terms requested by the plaintiffs did not

"indicate a lack of mutuality of accord between the partners or

their attorneys in some substantial particulars, or the

stipulated agreement is incomplete in some of its material and

essential terms."  Id. (citations omitted).  The court further

held that if those matters constituted gaps in the agreement,

that did not mean that the entire agreement must be set aside,

explaining,

> [T]he parties agreed to the essential terms of a
> settlement. Plaintiffs' objections are basically either
> "afterthoughts" or pertain to implementation of the
> settlement. Setting aside the settlement under these
> circumstances would allow plaintiffs to avoid a fair
> agreement duly entered into to resolve pending and
> burdensome litigation. This would be unfair to
> defendants. It would also place an unfair burden on
> other litigants who must then wait longer for
> resolution of their disputes while an overburdened
> court system continues to wrestle with a dispute which
> the parties have fairly resolved.

Id. at 49.

The court, in enforcing the terms of the oral settlement

agreement, rejected the plaintiffs' position that the settlement

was subject to the parties later signing a written document.  Id.

The case here is very similar to Pascarella and Bistricer.

Through their counsel, Lawton and CVS entered into an oral

contract on November 29, 2006.  There was an offer, acceptance

and consideration--CVS made an offer, Lawton accepted it, and

Lawton agreed to relinquish his legal rights in exchange for a

payment by CVS.  Moreover, there is no evidence that the

7

agreement was achieved through coercion, deception, fraud, undue pressure, or unseemly conduct, or that Lawton was not competent or did not voluntarily consent.

Although not specifically explained in Lawton's opposition papers, by claiming that he was under the impression that the settlement was contingent upon him receiving the settlement checks by Christmas, Lawton essentially argues that (1) there was no "meeting of the minds," and thus no oral contract, or (2) CVS breached the oral contract by not providing the checks by December 25. The evidence in the record does not support either contention.

First, in his sworn affidavit, Lawton admits to accepting CVS's oral offer on November 29, 2006, and he does not state that his acceptance was contingent on receiving payment specifically by Christmas day, but rather "by the holiday."

Lawton states in a sworn affidavit,

> 6.   On or about November 29, 2006 my attorneys stated that defense counsel had contacted them with an offer and also stated that defense counsel said that if I accepted the offer, I would have the monies by the holiday.
> 7.    I accepted that offer and planned on having the monies by the holiday.

(Pl. Ex. B, Latwon Aff. ¶¶ 6-7.)

By not specifically stating that settlement was contingent upon receiving payment by Christmas day, it gives validity to

8

CVS's contention that efforts would be made to make payment by
the end of the holidays.

Second, the conduct of Lawton and his counsel indicates that
the settlement was not contingent on payment by Christmas day.
If payment were to be received by Lawton by Christmas, it is
questionable why Lawton did not contact CVS after CVS's counsel,
on December 8, 2006, faxed Lawton's counsel a letter confirming
the settlement amount and the allocation of the payment.
Further, if settlement were conditioned on payment by December
25, it is questionable why that condition was not addressed
during the December 8 communications.  Finally, even if payment-
by-Christmas was an essential term of the settlement, CVS
attempted to provide payment prior to Christmas on December 21,
but Lawton and his counsel did not respond to CVS until not only
after Christmas, but not until after "the holidays" on January 4,
2007.[1]

Just like in <u>Bistricer</u>, Lawton's own testimony and the
conduct of the parties indicates that the payment amount is the
essential element of the contract, not the date payment was to be
made.  Indeed, Lawton has not even argued that he no longer
agrees to the amount of the settlement, but rather conveys that
his dissatisfaction with the settlement is because he did not

---

[1]Also telling is the absence of that condition in the
written settlement agreement and release.

9

receive payment before Christmas.  Because the settlement
agreement and release had been drafted and the checks had been
cut and forwarded to Lawton for review on December 21--as per
Lawton's counsel's instruction on December 8--the failure to
consummate the settlement by Christmas falls squarely on Lawton.

Lawton also argues that the November 29, 2006 agreement was
not the contract, but rather the written settlement agreement and
release was the contract, and because the written agreement and
release contained a twenty-one day period in which to renege, the
parties did not have a binding settlement.  This argument is
untenable based on New Jersey caselaw and the finding that the
parties entered into valid oral contract on November 29, 2006.
As discussed above in Pascarella and Bistricer, simply because
the parties intended on executing a subsequent writing does not
mean that the terms of the oral contract were not binding.
"[T]he mere anticipation of a written memorialization of an oral
agreement, provided that all the elements of a contract are
present, does not as a matter of law vitiate an oral contract."
Morton v. 4 Orchard Land Trust, 180 N.J. 118, 128 (2004).

This situation appears to be a classic case of change of
heart.  Lawton, however, freely entered into a binding oral
contract to settle on November 29, 2006, and he has not
demonstrated that payment-by-Christmas was an essential condition
of that contract.  Further, even though the parties anticipated

that a written document to memorialize the terms of the
settlement and release would be forthcoming after their agreement
on November 29, the agreement to settle had been made that day.
Correspondingly, the twenty-one day review period, ostensibly
boilerplate language, was gratuitously included by CVS in the
subsequent writing, and Lawton does not contest that the review
period was not part of the November 29 agreement.  Additionally,
even if Lawton did not agree to certain terms in the written
document, other than the amount of the settlement, he could have
contested those terms, but the overall agreement to settle could
not be vitiated.

Consequently, because the Court finds that on November 29,
2006, Lawton and CVS entered into a valid oral contract to settle
Lawton's action, CVS's motion to enforce the settlement agreement
must be granted.  An appropriate Order will be entered.

Dated: March 28, 2007                s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

11